## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

|  |  |
|---|---|
| **ROBERT L. LEWIS and MARY C. LEWIS,** | )<br>)<br>) |
| **Plaintiffs,** | )<br>) |
| | ) CIVIL ACTION |
| v. | )<br>) No. 04-2366-CM |
| | ) |
| **STATE OF KANSAS, and OFFICE of the<br>KANSAS STATE BANK COMMISSIONER,** | )<br>) |
| | ) |
| **Defendants.** | )<br>) |

## MEMORANDUM AND ORDER

On August 5, 2004, plaintiffs Robert L. Lewis and Mary C. Lewis, acting *pro se*, brought this cause of action, entitled "Original Complaint Requiring Review of State Court Decisions," against defendants the State of Kansas and the Office of the Kansas State Bank Commissioner. This matter comes before the court on defendants' Motion to Dismiss for Lack of Jurisdiction (Doc. 4), plaintiffs' Motion for Court Hearing (Doc. 20), defendants' Motion to Strike Plaintiffs' Motion for Hearing (Doc. 22), and plaintiffs' Motion for Reconsideration (Doc. 24).

**I.     Background Facts**

On March 20, 2003, plaintiffs filed a "Motion for Restitution" in the District Court of Johnson County, Kansas ("the Kansas court"), entitled *Robert L. Lewis and Mary C. Lewis v. State of Kansas*, Case No. 03-CV-02047. Plaintiffs asked the Kansas court to force the State of Kansas and the State Banking Commissioner to pay for losses that plaintiffs suffered because of Lend-Mor Corporation's allegedly predatory lending practices. On June 11, 2003, the Kansas court entered judgment against

plaintiffs and dismissed the case for lack of jurisdiction. The Kansas court specifically found that: (1) plaintiffs failed to state a claim for which relief could be granted; (2) plaintiffs failed to provide for the issuance of a summons in the appropriate form; (3) plaintiffs failed to provide for appropriate service of process; (4) the Kansas Tort Claims Act ("KTCA") protected state employees from civil liability while exercising discretionary functions, including the Kansas Banking Commission employees who processed plaintiffs' complaints; and (5) the State of Kansas did not owe plaintiffs a special duty under the Public Duty Doctrine, and the evidence demonstrated that the State of Kansas had fulfilled its duty to the general public.

On July 17, 2003, plaintiffs filed a second action in the Kansas court entitled *Robert L. Lewis and Mary C. Lewis v. State of Kansas and Office of the State Bank Commissioner*, Case No. 03-CV-04993. On October 14, 2003, the Kansas court dismissed the second action, holding that res judicata prevented plaintiffs from raising the same claims previously litigated in Case No. 03-CV-02047 and reiterating that the KTCA exempted the State of Kansas and the Office of the State Bank Commissioner from liability, and that the State of Kansas did not owe plaintiffs a duty to attain a home loan.

On September 23, 2003, the Kansas court entered judgment in favor of plaintiffs against Lend-Mor Corporation and David Curry in a separate lawsuit, entitled *Robert Lewis and Mary Lewis v. Lend-Mor Corporation, Damon Curry, and David Curry*, Case No. 02-CV-8200.[1] The Kansas court's September 23, 2003 ruling determined that David Curry and Lend-Mor Corporation ("Lend-Mor") misrepresented certain facts regarding the refinancing of plaintiffs' home, resulting in plaintiffs' inability to refinance and causing physical and emotional trauma. The Kansas court awarded plaintiffs in excess of

---

[1] Plaintiffs dismissed defendant Damon Curry from that lawsuit because he had filed for bankruptcy.

$300,000 in damages. Plaintiffs did not name the State of Kansas or the Office of the State Bank Commissioner as defendants in the separate lawsuit.

Plaintiffs filed the current litigation on August 5, 2004. In their complaint, plaintiffs claim that they were unfairly treated by the Kansas court's decisions in their previous cases against defendants, and that this court has jurisdiction over their claims under 28 U.S.C. § 1343, 12 U.S.C. §§ 1703, 1708(c) and (d), 1709, 1709(s), 1715(b), 1735, 1735(f)-14, 42 U.S.C. § 3535(d), and under the Fourteenth Amendment pursuant to 28 U.S.C. § 1331(a), 42 U.S.C. § 1983 and C.J.S. § 494. Plaintiffs request review of the Kansas courts' previous judgments in favor of defendants and have included a detailed history of their claims against Lend-Mor, David Curry and both defendants in this case. Plaintiffs claim more than $800,000 in actual and compensatory damages and more than $150,000 in punitive damages. Defendants contend that plaintiffs' current claims are barred by res judicata and collateral estoppel, and that this court does not have jurisdiction over plaintiffs' claims.

## II. Standards

### A. Dismissal Under Fed. R. Civ. P. 12(b)(1)

The court may only exercise jurisdiction when specifically authorized to do so, *Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994), and must "dismiss the cause at any stage of the proceeding in which it becomes apparent that jurisdiction is lacking." *Scheideman v. Shawnee County Bd. of County Comm'rs*, 895 F. Supp. 279, 281 (D. Kan. 1995) (quoting *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974)); Fed. R. Civ. P. 12(h)(3). The party who seeks to invoke federal jurisdiction bears the burden of establishing that such jurisdiction is proper. *Basso*, 495 F.2d at 909. When federal jurisdiction is

challenged, plaintiff bears the burden of showing why the case should not be dismissed. *Jensen v. Johnson County Youth Baseball League*, 838 F. Supp. 1437, 1439-40 (D. Kan. 1993).

### B.     Dismissal Under Fed. R. Civ. P. 12(b)(6)

The court will dismiss a cause of action for failure to state a claim only when it appears beyond a doubt that the plaintiff can prove no set of facts in support of the theory of recovery that would entitle him or her to relief, *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Maher v. Durango Metals, Inc.*, 144 F.3d 1302, 1304 (10th Cir. 1998), or when an issue of law is dispositive. *Neitzke v. Williams*, 490 U.S. 319, 326 (1989).  The court accepts as true all well-pleaded facts, as distinguished from conclusory allegations, *Maher*, 144 F.3d at 1304, and all reasonable inferences from those facts are viewed in favor of the plaintiff. *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984).  The issue in resolving a motion such as this is not whether the plaintiff will ultimately prevail, but whether he or she is entitled to offer evidence to support the claims.  *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds*, *Davis v. Scherer*, 468 U.S. 183 (1984).

The court is aware that plaintiffs in this case appear pro se.  Accordingly, while the court should liberally construe a pro se plaintiff's complaint, "the court should not assume the role of advocate, and should dismiss claims which are supported only by vague and conclusory allegations." *Northington v. Jackson*, 973 F.2d 1518, 1521 (10th Cir. 1992).

The court notes that, in making its ruling on defendants' Motion to Dismiss, it has reviewed records from the Kansas court that defendants attached to their Motion to Dismiss, even though such documents were not originally attached to plaintiffs' complaint.  Normally, the court does not look beyond the complaint

itself when ruling on a 12(b)(6) motion. *See Dean Witter Reynolds, Inc. v. Howsam*, 261 F.3d 956, 960 (10th Cir. 2001). However, "it is accepted practice, if a plaintiff does not incorporate by reference or attach a document to its complaint, but the document is referred to in the complaint and is central to the plaintiff's claim, a defendant may submit an indisputably authentic copy to the court to be considered on a motion to dismiss." *Id.*; *see also MacArthur v. San Juan County*, 309 F.3d 1216, 1221 (10th Cir. 2002).

Plaintiffs do not dispute the authenticity of the Kansas court records, and plaintiffs' claims are indisputably premised on the Kansas court records. In this type of situation, the court may consider the documents without converting defendants' Motion to Dismiss into a request for summary judgment under Fed. R. Civ. P. 56. *Id.* Additionally, the court may take judicial notice of matters of public record in connection with a motion to dismiss without converting the motion to dismiss into one for summary judgment. *Logan v. United States*, 272 F. Supp. 2d 1182, 1184 n.1 (D. Kan. 2003). The court therefore takes judicial notice of the Kansas court records defendants attached to their Motion to Dismiss.

### III.    Discussion

Defendants bring their motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), claiming that plaintiffs' claims are barred by res judicata and collateral estoppel. Defendants contend that plaintiffs have twice sued in the Kansas court to recover the same losses that they are claiming in this action. The Kansas court first denied plaintiffs' claims on the merits. The Kansas court dismissed plaintiffs' claims in the second action after determining that plaintiffs' claims were barred by res judicata. Defendants contend that the Kansas court's judgments, on the very same claims that plaintiffs are pursuing in this action, against the same defendants, are entitled to full faith and credit and preclude the federal action. Defendants thus claim they are entitled to dismissal of plaintiffs' claims.

Defendants also claim that the *Rooker-Feldman* doctrine applies and limits the subject matter jurisdiction of this court because, under the *Rooker-Feldman* doctrine, federal courts lack jurisdiction to review state court decisions. *See D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983); *see also Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923). Finally, defendants claim that they are entitled to immunity from plaintiffs' claims pursuant to the Eleventh Amendment.

### A.     Res Judicata and Collateral Estoppel

Federal courts are required by the full faith and credit provision of 28 U.S.C. § 1738 to give a state court judgment the same preclusive effect as it would be given under the law of the state in which the judgment was rendered. *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984). The preclusive effect of a state court decision on an action filed in federal court is a matter of state law. *Weaver v. Boyles*, 172 F. Supp. 2d 1333, 1339 (D. Kan. 2001), *aff'd*, 26 Fed. Appx. 908 (10th Cir. 2002). Therefore, this court applies Kansas law to determine whether plaintiffs' claims are barred by the doctrine of res judicata.[2]

Res judicata is "a rule of fundamental and substantial justice that enforces the public policy that there be an *end* to litigation. By preventing repetitious litigation, application of res judicata avoids unnecessary expense and vexation for parties, conserves judicial resources, and encourages reliance on judicial action." *May v. Parker-Abbott Transfer & Storage, Inc.,* 899 F.2d 1007, 1009 (10th Cir. 1990) (emphasis in original) (internal citation and quotation omitted). In *Waterview Resolution Corporation v. Allen*, the

---

[2]The court notes that Kansas law "does not appear to differ significantly from the federal law regarding preclusion doctrines [and] Kansas courts specifically look to Supreme Court and circuit law to decide application of the doctrines." *Woodard v. Jefferson County*, 18 Fed. Appx. 706, 712 (10th Cir. 2001) (citing *Grimmett v. S & W Auto Sales Co.,* 26 Kan. App. 2d 482, 486-87, 988 P.2d 755 (1999)).

-6-

Kansas Supreme Court noted that "[w]hile the concept of res judicata is broad enough to encompass both claim preclusion and issue preclusion, the modern trend is to refer to claim preclusion as res judicata and issue preclusion as collateral estoppel." 274 Kan. 1016, 1023, 58 P.3d 1284 (2002) (citing 46 Am. Jur. 2d, Judgments § 516).

"Claim preclusion prevents parties from relitigating a cause of action that has been finally adjudicated. It is founded on the principle that the party, or some other party in privity, has litigated or had an opportunity to litigate the same matter in a former action in a court of competent jurisdiction." *Jackson Trak Group ex rel. Jackson Jordan, Inc. v. Mid States Port Auth.*, 242 Kan. 683, 690-91, 751 P.2d 122 (1988) (citations omitted). For claim preclusion to bar a claim, four elements must exist: "(1) same claim; (2) same parties; (3) claims were or could have been raised; and (4) a final judgment on the merits." *Winston v. State Dep't of Soc. and Rehab. Servs.*, 274 Kan. 396, 413, 49 P.3d 1274; *Hawkinson v. Bennett*, 265 Kan. 564, 589, 962 P.2d 445 (1998). Where all elements are met for claim preclusion, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues [or claims] that were or could have been raised in that action." *Grimmett v. S & W Auto Sales Co.,* 26 Kan. App. 2d 482, 487, 988 P.2d 755 (1999).

Issue preclusion prevents relitigation in a different claim of issues conclusively determined in a prior action. *Jackson Trak*, 242 Kan. at 690-91. Issue preclusion may be invoked "where the following is shown: (1) a prior judgment on the merits which determined the rights and liabilities of the parties on the issue based upon ultimate facts as disclosed by the pleadings and judgment, (2) the parties must be the same or in privity, and (3) the issue litigated must have been determined and necessary to support the judgment."

*Id.* (internal citation omitted). To invoke issue preclusion, defendant must establish that all of the elements have been met. *Hawkinson*, 265 Kan. at 589.

There is no dispute that the plaintiffs' current federal court action involves the same claims, issues and parties as its two prior cases against defendants in the Kansas court. Plaintiffs have openly requested review of the Kansas court's prior decisions. Thus, the primary issue for this court is whether the two Kansas court decisions (Case Nos. 03-CV-02047 and 03-CV-04993) were final judgments on the merits.

Res judicata (both claim and issue preclusion) will only bar plaintiffs' claims in this suit if defendants can show that plaintiffs' prior proceedings ended with a judgment on the merits. *Nwosum v. Gen. Mills Rest., Inc.*, 124 F.3d 1255, 1257 (10th Cir. 1997) ("Res judicata is an affirmative defense on which the defendant has the burden of setting forth facts sufficiently to satisfy the elements."). Under Kansas law, res judicata applies "only in the case of final judgments; a judgment which is not final and does not adjudicate the rights in litigation in a conclusive and definitive manner cannot be set up in bar of a subsequent action." *Fed. Land Bank of Wichita v. Vann*, 20 Kan. App. 2d 635, 638, 890 P.2d 1242 (1995) (quotation omitted).

After examining the record before this court, it is clear that, in Case No. 03-CV-02047, the Kansas court held a hearing on plaintiffs' claims and had the opportunity to address the merits of plaintiffs' claims when dismissing them on jurisdictional grounds. The Kansas court found not only that plaintiffs had failed to fulfill statutory requirements necessary to prosecute their lawsuit, but also that plaintiffs' claims failed on their merits and that defendants were immune from their claims. When plaintiffs filed their second lawsuit against defendants, Case No. 03-CV-04993, the Kansas court conducted a res judicata analysis, found that plaintiffs' claims were barred by res judicata, and reiterated its holding that plaintiffs' claims failed on their

merits. Accordingly, the Kansas court's judgments in Case Nos. 03-CV-02047 and 03-CV-04993 were final and conclusive judgments on the merits of plaintiffs' claims. Defendants therefore are entitled to dismissal of plaintiffs' claims as barred by res judicata.

### B.     *Rooker-Feldman* Doctrine

The *Rooker-Feldman* doctrine provides that federal courts, other than the United States Supreme Court, lack jurisdiction to consider claims for review of state court judgments. *See Feldman*, 460 U.S. at 486; *see also Rooker*, 263 U.S. 413. The *Rooker-Feldman* doctrine precludes "a party losing in state court . . . from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994); *see also Kenmen Eng'g v. City of Union*, 314 F.3d 468, 473 (10th Cir. 2002). The doctrine "applies to *all* state-court judgments, including those of intermediate state courts." *Kenmen Eng'g*, 314 F.3d at 473 (emphasis in original). It also applies to claims "inextricably intertwined" with a state court judgment. *Id*. at 475. Because the relief plaintiffs seek is an order reviewing and setting aside the Kansas court's final judgments on the merits in favor of defendants, plaintiffs' federal claims are inextricably intertwined with those judgments. Therefore, this court does not have jurisdiction to review any rulings by the Kansas state court. Accordingly, plaintiffs' claims are barred under the *Rooker-Feldman* doctrine, and defendants are entitled to dismissal of plaintiffs' claims on this basis as well.

### C.     **Eleventh Amendment Immunity**

Because the court has determined that it does not have jurisdiction over plaintiffs' claims, the court declines to address defendants' assertion that they are entitled to immunity pursuant to the Eleventh Amendment.

**IT IS THEREFORE ORDERED** that defendants' Motion to Dismiss (Doc. 4) is granted for all of the reasons set forth above.

**IT IS FURTHER ORDERED** that plaintiffs' Motion for Court Hearing (Doc. 20), defendants' Motion to Strike Plaintiffs' Motion for Hearing (Doc. 22), and plaintiffs' Motion for Reconsideration (Doc. 24) are denied as moot.

**IT IS FURTHER ORDERED** that this case is hereby dismissed with prejudice.

Dated this 25th day of May 2005, at Kansas City, Kansas.

        **s/ Carlos Murguia**
        **CARLOS MURGUIA**
        **United States District Judge**