IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

|  |  |
|---|---|
| ROBERT L. LEWIS and MARY C. LEWIS, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) CIVIL ACTION<br>)<br>) No. 04-2366-CM |
| STATE OF KANSAS and KANSAS STATE BANK COMMISSIONER OFFICE, | )<br>)<br>)<br>) |
| Defendants. | )<br>) |

## MEMORANDUM AND ORDER

This matter comes before the court on plaintiffs' Motion to Amend Judgment (Doc. 27). Also before the court for consideration are plaintiffs' Motion for New Trial (Doc. 29), Motion to Enter New Evidence (Doc. 31), Motion to Allow Pacer Access (Doc. 32), Motion for Leave to File Verified Complaint (Doc. 34), and Motion for Jury Trial (Doc. 35).

**I.  Background**

Plaintiffs, acting *pro se*, brought this case against defendants on August 5, 2004. On May 24, 2005, the court granted defendants' motion to dismiss for lack of jurisdiction, entered judgment in favor of defendants and closed the case. Plaintiffs filed the instant motion to amend the court's judgment on June 8, 2005.

**II.  Standard for Motion to Reconsider**

Whether to grant or deny a motion for reconsideration is committed to the court's discretion. *Brown v. Presbyterian Healthcare Servs.*, 101 F.3d 1324, 1332 (10th Cir. 1996); *Hancock v. City of*

*Okla. City*, 857 F.2d 1394, 1395 (10th Cir. 1988).  In exercising that discretion, courts have recognized three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice.  *See Major v. Benton*, 647 F.2d 110, 112 (10th Cir. 1981); *Burnett v. W. Res., Inc.*, 929 F. Supp. 1349, 1360 (D. Kan. 1996); *Marx v. Schnuck Mkts., Inc.*, 869 F. Supp. 895, 897 (D. Kan. 1994).

> Appropriate circumstances for a motion to reconsider are where the court has obviously misapprehended a party's position or the facts or the law, or the court has mistakenly decided issues outside of those the parties presented for determination.  A party's failure to present its strongest case in the first instance does not entitle it to a second chance in the form of a motion to reconsider.

*Burnett*, 929 F. Supp. at 1360 (citing *Anderson v. United Auto Workers*, 738 F. Supp. 441, 442 (D. Kan. 1990); *Renfro v. City of Emporia, Kan.*, 732 F. Supp. 1116, 1117 (D. Kan. 1990)).  Moreover, "[a] motion to reconsider is not a second chance for the losing party to make his strongest case or to dress up arguments that previously failed."  *Flake v. Hoskins*, 55 F. Supp. 2d 1196, 1203-04 (D. Kan. 1999).

## III.    Analysis

Having considered plaintiffs' motion to reconsider the court's previous judgment dismissing their case, the court finds that the only applicable ground that plaintiffs' motion for reconsideration raises is the need to prevent manifest injustice.  However, while the court is sympathetic to plaintiffs' position, it does not change this court's lack of jurisdiction to hear plaintiffs' claims.[1]  Having carefully reviewed plaintiffs' arguments, the court's May 24, 2005 Order, and the applicable law, the court finds no new evidence or law

---

[1] The court's analysis of the jurisdictional issues is fully set forth in the May 24, 2005 Order and thus is not repeated herein.

-3-

that permits it to exercise jurisdiction over plaintiffs' claims. Accordingly, the court denies plaintiffs' request for reconsideration.

**IT IS THEREFORE ORDERED** that plaintiffs' Motion to Amend Judgment (Doc. 27) is denied.

**IT IS FURTHER ORDERED** that, in light of the court's denial of plaintiffs' Motion to Amend Judgment, this case remains closed and plaintiffs' Motion for New Trial (Doc. 29), Motion to Enter New Evidence (Doc. 31), Motion to Allow Pacer Access (Doc. 32), Motion for Leave to File Verified Complaint (Doc. 34), and Motion for Jury Trial (Doc. 35) are denied as moot. Moreover, because this case is closed, if plaintiffs desire to file a new cause of action with new claims against the State of Kansas and the Kansas State Bank Commissioner Office, plaintiffs should initiate the filing of a new case through the clerk's office.

**SO ORDERED**.

Dated this 2nd day of November 2005, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**