IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**ROBERT L. LEWIS and MARY C. LEWIS,**   )
                                         )
        **Plaintiffs,**                )
                                         )
**v.**                                   )
                                         )   No. 04-2366-CM
                                         )
**STATE OF KANSAS and KANSAS STATE** )
**BANK COMMISSIONER OFFICE,**            )
                                         )
        **Defendants.**                )
                                         )

## MEMORANDUM AND ORDER

This case is before the court on plaintiff Robert L. Lewis's ("Lewis") Motion for Court to Reverse its Decision Which Was Based upon Lower Court's Unjust and Falsified Rulings in Accordance to FRCP Rule 52 (Doc. 60). Plaintiffs filed this action on August 5, 2004, requesting this court to review previous judgments made by Kansas courts in favor of defendants. On May 24, 2005, the court dismissed plaintiffs' claims for lack of jurisdiction and entered judgment in favor of defendants. Since judgment was entered, plaintiff[1] has filed over ten motions or pleadings asking the court to reconsider its May 2005 order dismissing this case and/or seeking a decision on the merits. The court denied plaintiff's motions and/or pleadings because it does not have jurisdiction to hear plaintiff's claims. The court also warned plaintiff that it would impose sanctions if he continues to file repetitious or frivolous filings requesting the court to consider issues over which it lacks jurisdiction. In its last order, filed in August 2007, the court explained that it would

---

[1] As the court has previously noted, Mr. Lewis is *pro se* and cannot represent his co-plaintiff. All documents signed and filed solely by him are filed on his behalf only.

**impose sanctions in the form of filing restrictions against plaintiff Lewis if he files any additional motions or pleadings seeking (1) reconsideration of the court's May 2005 order dismissing this case for lack of jurisdiction or (2) a decision on the merits.**

On November 14, 2007, plaintiff filed a motion doing just that. In plaintiff's most recent motion, he again requested that the court consider the merits of his claim and reverse the Johnson County, Kansas District Court ruling. As the court has explained to plaintiff many times, it does not have authority to grant the relief plaintiff seeks; the court does not have jurisdiction over plaintiff's claims. Plaintiff recognizes in his most recent motion that he has filed multiple pleadings seeking this relief and that the court has continuously denied them for lack of jurisdiction. Despite this, plaintiff continues to file repetitious pleadings and shows no sign of stopping.

As the Tenth Circuit explained in *Tripati v. Beaman*, 878 F.2d 351 (10th Cir. 1989),

> the right of access to the courts is neither absolute nor unconditional and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious. No one, rich or poor, is entitled to abuse the judicial process.

878 F.2d 351 at 353 (citations omitted). "Federal courts may 'regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances.'" *Guttman v. Widman*, 188 Fed. App'x 691, 698 (10th Cir. 2006) (citation and quotation omitted). Before imposing such restrictions, the court must set forth the litigant's abusive and lengthy history and give the litigant prior notice of and an opportunity to object to the restrictions. *Tripati*, 878 F.2d at 353. The restrictions must be carefully tailored for the circumstances and provide guidelines for the litigant on how to obtain permission to file an action. *Id.* at 354.

Since the court's May 24, 2005 Memorandum and Order, plaintiff has filed, and the court has ruled on, the following pleadings requesting the court to reconsider its May 2005 order dismissing

this case and/or seeking a decision on the merits:

- Motion to Amend Judgment Against Plaintiffs' Petition Based upon Rule 8, Rule 59(b)(C), and K.S.A. 60-250 and Memorandum in Support (Docs. 27, 28);

- Motion for New Trial and Memorandum in Support (Docs. 29, 30);

- Motion to Present Verified Complaint with Supporting Memorandum Incorporated (Doc. 34);

- Motion to Request Trial by Jury and Supporting Memorandum (Docs. 35, 36);

- Plaintiff's Demand for Court Clerk, Magistrate, and Judge's Review on Case Judgments (Doc. 39);

- Motion for Emergency Reconsideration Due to Court Error on Dismissal in Accordance to Rules 9, 16(e), 16(f), and 60(b) (Doc. 40);

- Motion for Plaintiff's Objection to Court's Dismissal Based upon Defendants' [Government] Erroneous, and Frivolous Facts Provided Against Complaint in Accordance to Rules 9 and 42 U.S.C § 1981 (Doc. 43);

- Motion to Clarify Findings of Fact and Conclusions of Law with Memorandum Incorporated (Doc. 44);

- Plaintiff's Objections to Court's Decision Without Defendant's Completed Response to Court Orders Based upon Fed. R.Civ.P 60(b) (Doc. 52);

- Motion to Reverse Court Decision Which Is Based upon Defense's Erroneous and Frivolous Information (Doc. 54);

- Motion to Show Defense's Verification of the Lower Court's Intent to Perform the Manifest Injustice as Proclaimed (Doc. 56); and

- Motion to Demand Constitutional Rights and to Be Allowed Due Process of Rights in Accordance to the Fourteenth Amendment (Doc 58).

Because plaintiff refuses to accept the court's order that it lacks jurisdiction over his claims and continues to request relief that the court cannot grant, the court is imposing sanctions against plaintiff. Plaintiff is prohibited from filing any additional motions or pleadings that either (1) request the court to reconsideration its May 2005 Order dismissing this case for lack of jurisdiction

or (2) request a decision on the merits of this closed case.  Prior to filing any pleading in this action, plaintiff must provide a notarized affidavit stating that the pleading is filed in good faith, is not malicious, and has arguable merit.  The notarized affidavit must provide a list of all pleadings plaintiff has previously filed that relate to the issues in the proposed pleading and describe their status.   Plaintiff must also certify the proposed filing pursuant to Fed. R. Civ. P. 11.  Plaintiff shall send the notarized affidavit and proposed pleading to the clerk of the court.  The court clerk will review plaintiff's notarized affidavit and proposed filing and determine whether it may be filed under this order.  The clerk will file pleadings that fall within those permitted by with this order.  Any pleading that violates the court's order will not be filed with the court and will be returned to plaintiff via certified mail.

    Plaintiff may file an objection to these sanctions within fifteen calendar days of this order.

    **IT IS THEREFORE ORDERED** that plaintiff's Motion for Court to Reverse its Decision Which Was Based upon Lower Court's Unjust and Falsified Rulings in Accordance to FRCP Rule 52 (Doc. 60) is denied.

    **IT IS FURTHER ORDERED** that the clerk of the court follow the procedures described above.

    **IT IS FURTHER ORDERED** that plaintiff Lewis has fifteen calendar days in which to object to the above-mentioned filing restrictions.

    Dated this 21st  day of December 2007, at Kansas City, Kansas.

                                                    **s/ Carlos Murguia**  
                                                    **CARLOS MURGUIA**  
                                                    **United States District Judge**