IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**ROBERT L. LEWIS and MARY C. LEWIS,**   )
                                          )
        **Plaintiffs,**                  )
                                          )
**v.**                                    )
                                          )   No. 04-2366-CM
                                          )
**STATE OF KANSAS and KANSAS STATE**      )
**BANK COMMISSIONER OFFICE,**             )
                                          )
        **Defendants.**                  )
                                          )

## MEMORANDUM AND ORDER

On December 21, 2007, the court imposed sanctions on defendant Robert L. Lewis,[1] prohibiting him from filing any additional motions or pleadings that either (1) request the court to reconsider its May 2005 Order dismissing this case for lack of jurisdiction or (2) request a decision on the merits of this closed case (Doc. 61). In its order imposing sanctions, the court gave defendant fifteen days to object to the sanctions. On January 9, 2008, plaintiff responded to the court's order imposing sanctions by filing a Motion to Oppose Court Ordered Sanctions Against Plaintiff and Objections to Court Denials in Accordance to FRCP Rule 11 (Doc. 64). In his response, plaintiff argues that he should be allowed to continue to request a decision on the merits stating, "This court has been counting the number of filings against the plaintiff, yet refusing, or failing, to recognize the '*other reason*' for the additional filings by the plaintiff. Again, the '*other reason*,' being related to what this case was initially dismissed upon, on May 24, 2005, other than jurisdictional matters."

---

[1] As the court has previously noted, Mr. Lewis is *pro se* and cannot represent his co-plaintiff. All documents signed and filed solely by him are filed on his behalf only.

Plaintiff does not seem to understand that a court without jurisdiction cannot hear the merits of his complaint. Once a court has found that it does not have jurisdiction over the claims before it, it must dismiss the claims. As the court has explained to plaintiff many times, it does not have authority to grant the relief plaintiff seeks because it does not have jurisdiction over plaintiff's claims.

Plaintiff's motion to oppose and objections to the court's sanctions are without merit. Accordingly, the following sanctions remain in place.

**IT IS THEREFORE ORDERED** that plaintiff's Motion to Oppose Court Ordered Sanctions Against Plaintiff and Objections to Court Denials in Accordance to FRCP Rule 11 (Doc. 64) is denied.

**IT IS FURTHER ORDERED** that plaintiff is prohibited from filing any additional motions or pleadings that either (1) request the court to reconsider its May 2005 Order dismissing this case for lack of jurisdiction or (2) request a decision on the merits of this closed case. Prior to filing any pleading in this action, plaintiff must provide a notarized affidavit stating that the pleading is filed in good faith, is not malicious, and has arguable merit. The notarized affidavit must provide a list of all pleadings plaintiff has previously filed that relate to the issues in the proposed pleading and describe their status. Plaintiff must also certify the proposed filing pursuant to Fed. R. Civ. P. 11. Plaintiff shall send the notarized affidavit and proposed pleading to the clerk of the court. The court clerk shall review plaintiff's notarized affidavit and proposed filing and determine whether it may be filed under this order. The clerk shall file pleadings that fall within those permitted by this order. Any pleading that violates the court's order will not be filed with the court and will be returned to plaintiff via certified mail.

-3-

Dated this 15th day of January 2008, at Kansas City, Kansas.

                                        **s/ Carlos Murguia**
                                        **CARLOS MURGUIA**
                                        **United States District Judge**