## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ROBERT L. LEWIS and MARY C. LEWIS, ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v.                                  ) | |
| )                                    | **No. 04-2366-CM** |
| ) | |
| STATE OF KANSAS and KANSAS STATE ) | |
| BANK COMMISSIONER OFFICE,      ) | |
| ) | |
| **Defendants.** ) | |
| _____) | |

## MEMORANDUM AND ORDER

On December 21, 2007, the court imposed sanctions on defendant Robert L. Lewis,[1]

prohibiting him from filing any additional motions or pleadings that either (1) request the court to

reconsider its May 2005 Order dismissing this case for lack of jurisdiction or (2) request a decision

on the merits of this closed case (Doc. 61). In its order imposing sanctions, the court gave plaintiff

fifteen days to object to the sanctions. On January 9, 2008, plaintiff responded to the court's order

imposing sanctions by filing a Motion to Oppose Court Ordered Sanctions Against Plaintiff and

Objections to Court Denials in Accordance to FRCP Rule 11 (Doc. 64). On January 16, 2008, the

court denied plaintiff's motion to oppose, finding that plaintiff's motion and objections to the court's

sanctions were without merit and holding that the sanctions remained in place (Doc. 65). This

matter is currently before the court on plaintiff's Motion for Court to Remove the Sanctions in

Respect of Evidence Presented by Plaintiff in Accordance to Fed. R. Civ. P. Rule 11, 52 (b), 60(b),

---

[1] As the court has previously noted, Mr. Lewis is *pro se* and cannot represent his co-plaintiff. All documents signed and filed solely by him are filed on his behalf only.

and 28 U.S.C. § 1343 (Doc. 72).  Plaintiff requests that the court reconsider its order denying his

motion to oppose.

 Whether to grant or deny a motion for reconsideration is committed to the court's discretion.

*GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1386 (10th Cir. 1997);  *Hancock*

*v. City of Okla. City*, 857 F.2d 1394, 1395 (10th Cir. 1988).  In exercising that discretion, courts in

general have recognized three major grounds justifying reconsideration: (1) an intervening change in

controlling law; (2) availability of new evidence; and (3) the need to correct clear error or prevent

manifest injustice.  *See Marx v. Schnuck Mkts., Inc.*, 869 F. Supp. 895, 897 (D. Kan. 1994) (citations

omitted); D. Kan. Rule 7.3 (listing three bases for reconsideration of order); *see also Sithon*

*Maritime Co. v. Holiday Mansion*, 177 F.R.D. 504, 505 (D. Kan. 1998) ("Appropriate circumstances

for a motion to reconsider are where the court has obviously misapprehended a party's position on

the facts or the law, or the court has mistakenly decided issues outside of those the parties presented

for  determination.").  "A party's failure to present its strongest case in the first instance does not

entitle it to a second chance in the form of a motion to reconsider."  *Sithon*, 177 F.R.D. at 505.

 In his motion, plaintiff merely repeats arguments previously made to the court.  As the court

previously explained, it lacks authority to grant the relief plaintiff seeks in this case because it lacks

jurisdiction over plaintiff's claims.  Accordingly, plaintiff's motion is denied and the sanctions

remain in place.

 **IT IS THEREFORE ORDERED** that plaintiff's Motion for Court to Remove the Sanctions

in Respect of Evidence Presented by Plaintiff in Accordance to Fed. R. Civ. P. Rule 11, 52 (b),

60(b), and 28 U.S.C. § 1343 (Doc. 72) is denied.

Dated this 11th day of July 2008, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**