IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **ROBERT L. LEWIS and** ) <br> **MARY C. LEWIS,** ) <br> ) <br> **Plaintiffs,** ) <br> ) **CIVIL ACTION** <br> **v.** ) <br> ) **Case No. 04-2366-CM** <br> **STATE OF KANSAS and KANSAS** ) <br> **STATE BANK COMMISSIONER** ) <br> **OFFICE,** ) <br> ) <br> **Defendant.** ) <br> ) | |

## **ORDER**

This case comes before the court on plaintiff Robert L. Lewis's General Affidavits addressed to the Honorable Carlos Murguia dated June 26, 2009, July 13, 2009 and July 27, 2009[1]. On December 21, 2007, the court imposed sanctions on plaintiff Robert L. Lewis, prohibiting him from filing any additional motions or pleadings that either (1) request the court to reconsider its May 2005 Order dismissing this case for lack of jurisdiction or (2) request a decision on the merits of this closed case (Doc. 61). Further, the court instructed the clerk's office to review any pleadings sent by plaintiff and to return them via certified mail if they did not comport with the court's order. The court gave plaintiff fifteen days to object to the sanctions, to which, plaintiff timely responded by filing a Motion to Oppose Court Ordered Sanctions Against Plaintiff and Objections to Court Denials in Accordance to FRCP Rule 11 (Doc. 64). On January 16, 2008, the court denied plaintiff's motion to oppose, finding that plaintiff's motion and objections to the court's sanctions were without merit and holding that the sanctions remained in place (Doc. 65).

---

[1] Pursuant to the court's filing restrictions imposed in its December 21, 2007 Memorandum and Order (Doc. 61), these documents have not been filed.

After the court's January 16, 2008 Order, the clerk's office reviewed plaintiff's pleadings and filed three of which contained motions which the court denied on July 11, 2008, August 8, 2008, and September 4, 2008[2]. In its final September 4, 2008 Memorandum and Order, the court imposed the additional sanction that all pleadings sent to the clerk's office by this plaintiff in this action would be sent back to plaintiff unfiled (Doc. 78). As of September 4, 2008, the court has received approximately 11 General Affidavits addressed to either the clerk's office or to the undersigned judge, or both[3]. In each of the most recent affidavits sent to the undersigned alone, plaintiff includes a Motion for Court to Reverse Decision and Remove Sanctions to Not Allow Manifest Injustice in Accordance to Rules 9, 11, and 28 U.S.C. §1343, which this court originally denied in its September 4, 2008 Memorandum and Order. He asserts that his affidavits are being ignored and argues the same claims in his original complaint. Plaintiff provides no new information that would allow this court to exercise its jurisdiction in this case.

"Federal courts have the inherent power to regulate the activities of abusive litigants by imposing carefully tailored restrictions under appropriate circumstances." *Xiangyuan Zhu v. Fed. Hous. Fin. Bd., et. al.*, No. 04-2539-KHV, 2007 WL 1266887, at *3 (D. Kan. May 1, 2007) (quoting *Tripati v. Beaman*, 878 F.2d 351, 352 (10th Cir. 1989)). This court cannot focus on the dispensation of justice if it is "forced to devote its limited resources to the processing of repetitious and frivolous

---

[2] These motions include Motion for Order Removing Court Ordered Sanctions (Doc. 72), "Affidavit" and Motion for court to Reverse Decision and Remove Sanctions to Not Allow Manifest Injustice in Accordance to Rules 9, 11, and 28 U.S.C. 1343 (Doc. 74), and Motion for Court to Reverse Decision and Remove Sanctions to Not Allow Manifest Injustice (Doc. 77).

[3] Because plaintiff has sent affidavits addressed to the clerk's office **and** to the Honorable Carlos Murguia, the court is not certain as to the actual number of affidavits plaintiff has sent to the court.

requests." *In re Sindram*, 498 U.S. 177, 180 (1991).

Because plaintiff continues to send numerous pleadings to the court that have already been ruled on by the undersigned, the court believes it is necessary to modify its previous order to save its limited resources. The clerk's office is no longer directed to send pleadings back to plaintiff via certified mail. Rather, the clerk's office will retain a conventional file of plaintiff's future pleadings in this action that will remain unfiled.

**IT IS THEREFORE ORDERED** that plaintiff Robert L. Lewis's pleadings will no longer be returned to plaintiff via certified mail. The clerk's office is directed to retain plaintiff's future pleadings in this action in a conventional file which will remain unfiled.

Dated this 6th day of August, 2009, at Kansas City, Kansas.

          **s/ Carlos Murguia**
          **CARLOS MURGUIA**
          **United States District Judge**